JOSÉ MARÍA FRANCESCHI ET AL., Petitioners and Appellees, *v.* LÓPEZ DE TORD & ZAYAS PIZARRO, Interveners and Appellants.

No. 6646. Argued April 2, 1934.—Decided April 5, 1934.

*López de Tord & Zayas Pizarro* in their own behalf. *Henry G. Molina, M. León Parra,* and *F. González Fagundo* for appelles.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The dismissal of the appeal filed in this case is requested on two grounds, to wit: because the decision is not appealable and because the appeal is frivolous.

On February 21 last, the District Court of Ponce entered an order refusing to approve a certain personal bond for the sum of $90,000 furnished by the heirs of José María Franceschi for the purpose of securing the effectiveness of the judgment that might be rendered on the claim for attorney's fees filed by Messrs. López de Tord and Zayas Pizarro within the proceedings for the administration of the estate, and reducing the amount of said bond to $50,000 and stating the kinds of security that would be satisfactory to the court.

Messrs. López de Tord and Zayas Pizarro appealed from the order in so far as it reduced the amount of the bond, and maintain that said decision partakes of the nature of an order

setting aside an attachment in part and may be considered as included in the third subdivision of section 295 of the Code of Civil Procedure, for the purposes of the appeal. They cite in support of their contention the cases of *Hermida & Palos* v. *Gestera,* 20 P.R.R. 423, 560, *Osorio* v. *Vizcarrondo et al.,* 35 P.R.R. 159, *National City Bank* v. *De la Torre,* 44 P.R.R. 439 and *West India Oil Co.* v. *Municipal Court,* 44 P.R.R. 515.

The case is truly peculiar. It is not expressly included in the third subdivision of section 295 of the Code of Civil Procedure, and the rule invoked was laid down in cases that differ from it because in those cases the attachments had been levied, but perhaps the contention of the appellants is not without foundation and the order may be considered as partaking of the nature of one setting aside an attachment in part and is therefore appealable. We shall leave the question open, however, for a more thorough study, since it is not necessary to decide it because if the appeal should lie, it would always have to be dismissed as frivolous in this particular case.

In the very motion for dismissal, the appellees refer to the writ of certiorari requested by them for the revision of the order of February 21, in so far as it excluded a personal bond from those which could be furnished.

The writ of certiorari was denied by this court, which in its opinion in that case said:

"If the attorney's fees constitute administration expenses and there is pending a claim for professional services alleged to have been rendered to the estate under judicial administration, it is natural that the radius of the judicial discretion should have some amplitude to secure the payment of the alleged services, so that any final judgment that might be rendered could be collected immediately, in case the court should decide that some sum is owed to Attorneys López de Tord and Zayas Pizarro." *Franceschi* v. *District Court, ante,* pp. 392, 394.

And recently it was also said by this Supreme Court in the case of *Sosa* v. *District Court, ante,* pp. 273, 276:

"The determination of the probable damages to be paid and consequently the fixing of the amount of the bond, is within the sound discretion of the tr'al court, and in order to justify the intervention of this court, a clear abuse of discretion would have to be shown."

It is thus seen that the emphasis in both decisions was placed on the discretionary power of the district court to fix the extent of the security. Naturally, in the majority of cases the amount of the claim is taken as a basis for determining that of the bond, but that does not mean to say that the court is so obligated by said sum that it may not exercise its judgment and fix a lesser sum in proper cases. Here the sum of $97,000 is claimed for professional services rendered to the estate of Franceschi which is under judicial administration. The court, from the beginning, fixed the bond to be furnished by the heirs to secure the claim of the attorneys at a sum less than that claimed by the latter without any objection from them, and later reduced it still further, whereupon the attorneys took the present appeal. The very peculiarity of the case to which we referred before makes it more appropriate for the exercise of the discretion of the court. The claim does not have its origin in causes entirely unknown to the court; fees are claimed for services rendered in the administration which is under the jurisdiction and close scrutiny of the court, and the latter is therefore in a perfect position, taking into consideration the interest of all, to take the proper measures for their just protection. The grounds set out by the judge in his decision are not very important, but it is the conclusion reached which is indeed important.

Such being the case, and this being a situation that should be made clear as soon as possible, after a careful consideration of all of the attendant circumstances, we are of the opinion that there does not exist the slightest ground for concluding that the district judge abused his discretion in fixing

at $50,000 the amount of the bond that the heirs must furnish; and therefore the appeal is frivolous and must be dismissed.

Mr. Justice Aldrey dissented with respect to the dismissal of the appeal as frivolous.